# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Mulcare et al.

v.

Alexandria Hospital et al.

July 15, 1998

Case No. CL971001

BY JUDGE ALFRED D. SWERSKY

This cause is before the Court on Plaintiffs' motion to compel production of written notes of Defendant Dwyer. The motion must be denied.

After service of the Motion for Judgment upon him, Defendant Dwyer reviewed the medical records of the deceased and made certain handwritten notes contemporaneous with his review. According to his affidavit, he showed the notes to no one until he learned of his representation in the matter by present counsel and then furnished a copy to him. He also stated the review was undertaken only because suit was filed and that he knew counsel "would be appointed to represent his interests." His efforts, according to his affidavit, were to assist the lawyer who would be representing him.

Plaintiff argues that these notes are not protected by the attorney-client privilege because at the time they were made, there was no attorney-client relationship with a specific attorney. Further, Plaintiff argues that the attorney work-product privilege does not apply because the work was not done at the direction of the attorney but was done by the Defendant "on his own." Since the Court is of the opinion that the attorney-client privilege protects the notes from disclosure, it is not necessary to address the second issue of the attorney work-product privilege.

It is clear and uncontroverted that at the time Dr. Dwyer made the notes, he knew he would be represented by counsel even though he did not know the identity of a specific attorney. Further, he made the notes for the express purposes of advising his attorney and to refresh his recollection so that he

could aid in his defense. The fact that he shared the notes with no one else until counsel was retained evinces an intent that the notes be confidential.

The mere fact that a particular attorney may not have been chosen cannot defeat the privilege where the communications are made for the express purpose of conveying them to counsel to aid in the representation and under circumstances of confidentiality.

Plaintiffs' motion will be denied.